**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| TANYA KALEEN BURNETTE,<br>an individual,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY MILLENNIUM DENTISTRY, INC., an Illinois corporation, MILLENNIUM DENTAL GROUP LLC, an Illinois limited liability company, LAWRENCE H. ZAGER, an individual, and AMJAD ALAZZAM, an individual,<br><br>Defendants. | ) | Case No. 1:18-cv-6284 |

**COMPLAINT**

The Plaintiff, Tanya Kaleen Burnette ("Plaintiff" or "Burnette"), by and through her attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complains against Defendants, Family Millennium Dentistry, Inc., ("Family Millennium"), Millennium Dental Group LLC, ("Millenium Dental"), Lawrence H. Zager, ("Zager") and Amjad Alazzam, ("Alazzam") (each a "Defendant", and collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, for Defendants' failure to pay Plaintiff her overtime compensation, wages and commissions. Plaintiff is a former office employee of the Defendants' dental practice business.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.  Plaintiff, Burnette, is a former office employee at Defendants' dental practice business where she worked from October 8, 2016 through July 11, 2018. During this time, Plaintiff performed a variety of tasks including opening and closing the office, preparing patient schedules, preparing examination rooms, sterilizing and disinfecting dental tools, cleaning the office, reception work, processing insurance payments, buying office supplies, making bank deposits, and marketing.

5.  During the course of her employment, Plaintiff used and handled goods and materials, including chemicals, cleaning products, sanitizers, disinfectants, and dental equipment, which moved in interstate commerce.

6.  Plaintiff resides in and is domiciled in this judicial district.

7.  Defendant, Family Millennium Dentistry, Inc., ("Family Millennium") operates the Family Millennium dental practice business located at 1342 W. Randolph Street in Chicago, Illinois and is engaged in providing dental and other related medical services to patients.

8.  Defendant Family Millennium is registered in Illinois as a corporation and its officers, registered agent, and principal office are located within this judicial district.

9.  Defendant, Millennium Dental Group LLC, ("Millennium Dental") operates the

Family Millennium dental practice business located at 1342 W. Randolph Street in Chicago, Illinois and is engaged in providing dental and other related medical services to patients.

10. Millennium Dental is registered in Illinois as a limited liability company and its manager, registered agent, and principal office are located within this judicial district.

11. Upon information and belief, Defendant Lawrence H. Zager is a dentist and one of the owners of the Family Millennium dental practice business.

12. Upon information and belief, Defendant Amjad Alazzam is the manager of the Family Millennium dental practice business.

13. At all times relevant to this action, Defendants Zager and Alazzam each possessed oversight over Defendants' employees and business practices, and each further served as the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices. Defendants Zager and Alazzam also possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

14. Upon information and belief, Defendants Zager and Alazzam reside in and are domiciled within this district.

**COMMON ALLEGATIONS**

15. Between October 8, 2016 and July 11, 2018, Plaintiff was scheduled to work at Defendants' dental office six (6) days per week including Monday through Saturday at variable times from approximately 9:00 a.m. until the office closed. Plaintiff typically did not work on Sunday.

16. Based on her schedule, Plaintiff was scheduled to work and did regularly work more than forty (40) hours in individual workweeks during the applicable time period.

17. Defendants paid Plaintiff on an hourly basis with the following rates: $20.00 per hour during the period from October 8, 2016 through April 29, 2017; and, $22.00 per hour during the period from April 30, 2017 through July 11, 2018.

18. In addition to Plaintiff's hourly pay, Defendants agreed to pay Plaintiff a monthly commission equal to two percent (2%) of all monthly collections received by the Family Millennium dental practice business.

19. Defendants did not compensate Plaintiff at one and one-half times her regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

20. Defendants never paid Plaintiff an overtime premium when she worked more than forty (40) hours in a workweek.

21. In order to conceal their failure to pay overtime compensation, Defendants initially paid Plaintiff her regular rate of pay for her first forty (40) hours of work per week by payroll check and paid the remainder of Plaintiff's hours including compensable overtime hours by personal check at her straight time rate of pay. In a further effort to conceal their failure to pay overtime compensation, Defendants ceased issuing payroll checks to Plaintiff entirely in November, 2017. Thereafter, Defendants misclassified Plaintiff as an independent contractor, ceased to make appropriate federal and state agency contributions on behalf of Plaintiff, and failed to report all of Plaintiff's compensation to the appropriate federal and state tax and revenue agencies.

22. In addition, and with out Plaintiff's consent, Defendants withheld and deducted money from Plaintiff's earned commissions by applying improper setoffs for expenses related to Defendants' business, and Defendants failed at times to pay Plaintiff her earned monthly commission entirely.

23. Furthermore, Defendants required Plaintiff to clock out when she performed work for Defendants outside of the office such as marketing work, banking, or buying office supplies. Defendants did pay Plaintiff for her work off-the-clock.

24. Finally, Defendants failed to pay Plaintiff her final compensation including earned wages for approximately eight (8) days of work.

25. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**

26. Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

27. Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

28. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

29. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

30. Defendants, Family Millennium and Millennium Dental, each are an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and each Defendant has operated as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants further constitute a single enterprise under the FLSA.

31. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay her at a rate of one and one-half times

her regular hourly rate of pay for all hours worked over 40 in a workweek.

32. Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Defendants' violations of the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages were willful and not in good faith. In an attempt to conceal their overtime violations, Defendants initially paid for only a portion of Plaintiff's hours by company payroll check, typically forty (40) hours per week, and paid the remainder of Plaintiff's hours including her overtime compensable hours with non-payroll checks at her straight time rate of pay. Thereafter, Defendants misclassified Plaintiff as an independent contractor, failed to make federal and state agency contributions on her behalf, and failed to report all of Plaintiff's compensation to the appropriate federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiff, Tanya Kaleen Burnette, prays for a judgment against Defendants, Family Millennium Dentistry, Inc., Millennium Dental Group LLC, Lawrence H. Zager and Amjad Alazzam, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**

34. Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

35. Throughout her employment with Defendants, Plaintiff was an "employee" under

the IMWL, 820 ILCS § 105/3(d).

36. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

37. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

38. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

39. Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Tanya Kaleen Burnette, prays for a judgment against Defendants, Family Millennium Dentistry, Inc., Millennium Dental Group LLC, Lawrence H. Zager and Amjad Alazzam, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

40. Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

41. Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code

of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

42. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

43. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

44. Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**WHEREFORE**, the Plaintiff, Tanya Kaleen Burnette, prays for a judgment against Defendants, Family Millennium Dentistry, Inc., Millennium Dental Group LLC, Lawrence H. Zager and Amjad Alazzam, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act – Earned Wages**

45. Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

46. Plaintiff was an "employee" under the IWPCA, 820 ILCS § 115/2,

47. Plaintiff was not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

48. Defendants are each an "employer" under the IWPCA, 820 ILCS § 115/2.

49. During her employment, Plaintiff and Defendants understood and agreed that, in

addition to her hourly rate, Plaintiff would be paid a monthly commission equal to 2% of all payments collected by the Family Millennium dental practice business, and further understood and agreed that Defendants would pay Plaintiff her hourly rate for all hours of work performed including work performed outside of the office on behalf of the Defendants.

50. In violation of the parties' agreement and the IWPCA, Defendants repeatedly made improper deductions from Plaintiff's monthly commission during the term of her employment with Defendants, failed entirely at times to pay Plaintiff her monthly commission, and failed to pay Plaintiff her hourly rate for work performed off-the-clock.

51. Defendants further violated the IWPCA by failing to pay Plaintiff her final compensation in a timely manner in accordance with the Act.

**WHEREFORE**, the Plaintiff, Tanya Kaleen Burnette, prays for a judgment against Defendants, Family Millennium Dentistry, Inc., Millennium Dental Group LLC, Lawrence H. Zager and Amjad Alazzam, as follows:

A. Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due Plaintiffs;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Dated: September 14, 2018

Respectfully submitted,
Tanya Kaleen Burnette
Plaintiff

/s/ Timothy M. Nolan

One of the attorneys for the Plaintiff

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com